UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN HESCOTT, et al.,

       Plaintiffs,                     Case No. 10-13713
                                                 Honorable Thomas L. Ludington

v.

CITY OF SAGINAW, et al.,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS
## SUMMARY JUDGMENT ON STATE LAW CLAIMS

Plaintiffs filed this action against Defendants on August 19, 2010, alleging both federal and state law claims arising from the demolition of Plaintiffs' residence in Saginaw, Michigan. Defendants moved for partial summary judgment on December 29, 2011, which was ruled on in an August 7, 2012 Order.

In the August 7 Order, the Court noted Plaintiffs had not responded to Defendants' arguments on the state law claims, and established that "[s]upplemental briefing from Plaintiffs is thus necessary on [the state law] issues." *Id*. at 2. But the Court then proceeded to dismiss each of Plaintiffs' state law claims on the merits. Given the error, the portions of the order granting summary judgment to Defendants on each of Plaintiffs' state law claims was vacated, and Plaintiffs were given the opportunity to brief the issues.

Plaintiffs proceeded to deliver supplemental briefing concerning their state law due process claims (Counts I and II); state law destruction or conversion and trespass claims (Counts V and VI); and exemplary damages claim (Count VII). Plaintiffs' arguments, however, do not shift the underlying reasoning calling for the claims to be dismissed in the first instance, and

Defendants will be granted summary judgment on Plaintiff's state law claims. Further, because Defendant Rode Brothers Excavating, Inc. is immune from Plaintiff's state law claims, and was previously held immune from Plaintiff's federal law claims, *see* ECF No. 30, 49–50, it will be dismissed from the case.

I

Counts I and II of Plaintiffs' Complaint allege violations of due process under Article 1, Section 10 of the Michigan Constitution. But there is no inferred damage remedy available against a municipality or individual government employees for alleged violations of the Michigan Constitution. *See Jones v. Powell*, 462 Mich. 329, 335 (2000) ("[O]ur decision in *Smith* provides no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee."); *Smith v. Michigan*, 256 F. Supp. 2d 704, 706 (E.D. Mich. 2003) ("no inferred damages remedy exists against individual government employees for violation of a state constitutional right."). In *Jones*, the Michigan Supreme Court "only recognized a narrow remedy against the state on the basis of the unavailability of any other remedy." 462 Mich. at 336. In this case, Plaintiffs have another remedy: the action pursuant to their inverse condemnation claim in Count IV. Accordingly, a damage remedy under the Michigan Constitution is unavailable. Counts I and II, as it pertains to Plaintiffs' state law claims, will be dismissed.

II

Count V of Plaintiffs' complaint alleges unlawful destruction or conversion of goods against the City and the Individual Defendants for the destruction of the fixtures, improvements and other personal property when the house was demolished. Plaintiffs appear to allege both common law conversion, and statutory conversion under Mich. Comp. Laws § 600.2920.7. But

this statute provides that a civil action may be brought to recover possession of any goods or chattel that have been unlawfully taken or unlawfully detained. It does not apply where Plaintiffs have specifically alleged that "remnants of the House, and possibly the fixtures and other household goods" were dumped in the Brent Run landfill. Compl. ¶ 33. Where the property sought to be recovered has been destroyed prior to the suit being commenced, replevin is not the proper remedy. *Gildas v. Crosby*, 61 Mich. 413, 417 (1886). Plaintiffs' statutory conversion claim thus fails as a matter of law.

Common law conversion is distinct from statutory conversion, and involves the act of wrongfully exerting domain over another's personal property thereby denying their rights to the property. *Department of Agriculture v. Appletree Marketing LLC*, 485 Mich. 1, 13–14 (2010). Defendants do not argue that Plaintiffs' claim fails as a matter of law, but that Defendants are entitled to governmental immunity.

The Governmental Immunity Act affords broad protection from tort liability to governmental entities engaged in the discharge of a governmental function:

> Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act does not modify or restrict the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.

Mich. Comp. Laws § 691.1407(1). To maintain an action against a government agency, a plaintiff must plead in avoidance of immunity. *Mack v. City of Detroit*, 467 Mich. 186, 198–99; 649 NW2d 47 (2002). This is done "by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id.* at 204. A "governmental function" is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local

charter or ordinance, or other law." *Id.* (citing Mich. Comp. Laws § 691.140(f)). The City's actions in this case were pursuant to its Ordinance authorizing the emergency demolition of dangerous buildings, and constitute a governmental function to which governmental immunity applies. Therefore, the City is immune from tort liability and Count V against the City will be dismissed.

Count V also alleges wrongdoing on the part of the other Defendants (Rohde Brothers Excavating, John Stemple, Scott Crofoot, and Gregory Barton). But these Defendants, all working for the government, are entitled to immunity as well. Pursuant to Mich. Comp. Laws § 691.1407(2):

> [E]ach officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee . . . while in the course of employment or service . . . if all of the following are met:
> (a) The officer, employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
> (c) The officer's, employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. Mich. Comp. Laws § 691.1407(7)(a).

In *Odom v. Wayne County*, 482 Mich. 459, 479–80 (2008), the Michigan Supreme Court set forth the following steps to determine if governmental immunity applies:

> (1) Determine whether the individual is a judge, a legislator, or the highest ranking appointed executive official at any level of government who is entitled to absolute immunity under MCL 691.1407(5).
> (2) If the individual is a lower-ranking governmental employee or official, determine whether the plaintiff pleaded an intentional or a negligent tort.
>
> *****

(4) If the plaintiff pleaded an intentional tort, determine whether the defendant established that he is entitled to individual governmental immunity under the Ross test by showing the following:
> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
> (b) the acts were taken in good faith, or were not undertaken with malice, and
> (c) the acts were discretionary, as opposed to ministerial.

Plaintiffs have pled claims for intentional torts against the Defendants. Therefore, the test set forth in subpart (4) of *Odom* applies. The Defendants were acting within the scope of their authority, or at the very least, reasonably believed that they were acting within the scope of their authority. Defendants contend that the actions by Rohde, Stemple, Crofoot and Barton were also taken in good faith and were discretionary.

Plaintiffs disagree. They argue that these Defendants were not acting in good faith, but in the best interests of their own "comfort and convenience." Pls.' Supp. Br. 11. In support of their "bad faith" argument, Plaintiffs write the following:

> [T]here was no reason to rush the demolition as long as [Defendants] could keep the area safe. They however were not willing to take the time to call the Plaintiffs or a building contractor to make emergency repairs while they kept the area cordoned off and the public off the property. The clear inference is that by calling Defendant Rohde, with whom the City had a demolition contract, they had an expedient means to leave the scene on that Saturday summer afternoon.

*Id*. at 13. The gist of Plaintiffs' claim is that the Defendants could have and should have stood guard at the scene while emergency repairs were considered and took place. Such an unsupported claim of bad faith, based solely on inference and not on facts, is not enough to strip Defendants of their right to immunity.

An action is in bad faith when the governmental employee acts maliciously or with a wanton or reckless disregard of the rights of another. *Odom*, 482 Mich. at 474. "[W]illful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not

that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Id.* at 475. Plaintiffs have not established a triable issue of fact as to whether Defendants acted with an intent to harm, or the requisite level of indifference to the possibility of harm.

Instead, the evidence indicates that Stemple directed Crofoot to respond to the scene with Barton. Crofoot and Barton each concluded that the situation was an immediate and serious threat to public safety and ordered that the demolition be conducted on an emergency basis. Rohde was then brought in to conduct the demolition. They were acting to protect the public safety, and did so in accordance with the City's Ordinance. If Defendants were incorrect in concluding that an emergency justified demolition, Plaintiffs will nevertheless recover under the inverse condemnation claim.

The final step requires distinguishing the conduct as either discretionary or ministerial. "A ministerial officer has a line of conduct marked out for him, and has nothing to do but to follow it . . . [d]iscretion, on the other hand, implies the right to be wrong [and] . . . requires personal deliberation, decision and judgment." *Id.* at 475–76, (internal citations omitted). In this case, the Defendants' actions were discretionary. Indeed, they assessed the situation, exercised their discretion to determine whether an emergency demolition was warranted, and determined that the emergency demolition was appropriate. The Defendants thus made discretionary decisions, in good faith, and are immune from tort liability pursuant to Mich. Comp. Laws § 691.1407.

Additionally, Defendants argue that Fire Marshal Greg Barton is entitled to absolute immunity pursuant to Mich. Comp. Laws § 691.1407(5) as the highest-ranking appointed executive official at his level of government. An "executive" as the term is used in the statute is a person whose job pertains to or who is charged with the execution of laws or the administration

of public affairs. *Nalepa v. Plymouth-Canton Comm. Sch. Dist.*, 207 Mich. App. 580, 589-90 (1994). The City's Ordinance grants the Fire Marshal the authority to order or direct the Chief Inspector to proceed under the emergency provisions of the Ordinance or he may do so himself. The Fire Marshal has the authority to order demolition of a building under the City's Ordinance. ECF No. 11 Ex. E, § 151.120. The Ordinance does not limit the Fire Marshal's authority or subject him to supervision in making these determinations. The Fire Marshal is responsible for the entire operation of the fire prevention division within the City, including the budget. Based on the applicable statutes and case authority, Defendants have demonstrated that Barton is entitled to absolute immunity as well. Count V will be dismissed against all Defendants.

### III

Count VI alleges trespass on land pursuant to Mich. Comp. Laws § 600.2919 and the common law. Common law trespass is any unauthorized intrusion or invasion of the private premises or lands of another. *Fruman v. City of Detroit*, 1 F. Supp. 2d 665, 675 (E.D. Mich. 1998). The intrusion must be intentional. *Terlecki v. Stewart*, 278 Mich. App. 644, 654 (2008). As with Count V, all Defendants are immune from Plaintiffs' intentional tort claims, and Count VI will be dismissed.

### IV

Count VII of Plaintiffs' Complaint seeks exemplary damages for Defendants' alleged willful and wanton destruction of property. A claim for exemplary damages is not a separate cause of action but a form of damages available in intentional tort cases if they compensate a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully and wantonly inflicted by the defendant. *See B & B Investment Group v. Gitler*, 229

Mich. App. 1, 9 10 (1998). Because Plaintiffs' state law tort claims are dismissed, Count VII must be dismissed as well.

The claims remaining in the case are as follows: Plaintiffs' Count III claim for the carrying away of the remaining fixtures, personal property, and effects after demolition against Defendants City of Saginaw, John Stemple, Scott Crofoot, and Gregory Barton; and Plaintiffs' Count IV claim against the City for inverse condemnation.

V

Accordingly, it is **ORDERED** that Defendants' motion for summary judgment is granted in part.

It is further **ORDERED** that Counts I, II, V, VI, and VII are **DISMISSED** with prejudice.

It is further **ORDERED** that Defendant Rohde Brothers Excavating, Inc. is **DISMISSED** with prejudice.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: October 31, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2012.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS