UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN HESCOTT, et al.,

               Plaintiffs,                                  Case No. 10-13713
                                                    Honorable Thomas L. Ludington

v.

CITY OF SAGINAW, et al.,

               Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART, DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION**

On May 31, 2013, the Court declined John and Benjamin Hescott's request that the City of Saginaw (the City) be ordered to reimburse their expense of litigating this case ($130,000). The Court then granted the City's request that the Hescotts be ordered to reimburse its expense of doing so ($25,000).[1] John and Benjamin have asked the Court to reconsider those decisions. The question of who is responsible for the legal expense of litigating this case is an interesting one because the unique facts implicate both the Civil Rights Attorney's Fees Award Act of 1976 (42 U.S.C. § 1988) and Federal Rule of Civil Procedure 68. Commonly referred to as simply § 1988, the Attorney's Fees Award Act was largely intended to encourage the enforcement of civil rights laws "through the use of plaintiffs as private attorneys general." *Payne v. Milwaukee Cnty.*, 288 F.3d 1021, 1026 (7th Cir. 2002). Rule 68, on the other hand, was designed "to promote settlement, rather than litigation[.]" *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 366 (1981) (Rehnquist, J., dissenting). That is, "Rule 68 is designed to provide a disincentive for

---

[1] Notably, the City is only asking to be reimbursed for the hours it expended after making an offer of judgment pursuant to Federal Rule of Civil Procedure 68 on October 15, 2012. Of the 365 hours for which the Hescotts seek reimbursement, 209 were accumulated after October 15, 2012. Accordingly, approximately $75,000 of the Hescotts' demand relates to the period for which the City requests $25,000.

plaintiffs from continuing to litigate a case after being presented with a reasonable offer." *Payne v. Milwaukee Cnty.*, 288 F.3d 1021, 1024 (7th Cir. 2002).

The precise question faced is this: may the City recover its attorney's fees—as a part of its costs—after the Hescotts' eventual jury award fell below the City's previous offer of judgment? The Court has reconsidered, and now concludes that it cannot. For the reasons set forth below, the Hescotts' motion for reconsideration will be granted in part. The Court again concludes, however, that the Hescotts are not entitled to an award of attorney's fees, and their motion for reconsideration on that ground will be denied.

## I

The Hescotts brought a complaint against the City, among others, after a residence they owned—an investment property—was demolished and the resulting debris was carried away without notice to them and without a court order authorizing the City's conduct. Relevant here, Count III of the Hescotts' complaint alleged that the City and the individual defendants (John Stemple, Gregory Barton, and Scott Crofoot) violated the Fourth Amendment when they "unreasonably interfered with [the Hescotts'] possessory interests in [their] House, fixtures, and personal effects." Pls.' Compl. ¶ 68, ECF No. 1. The Hescotts characterized Count III as involving two separate violations: (1) the demolition of their house without their consent or a court order; and (2) the removal of the resulting debris to a landfill two days later without consent or a court order. *See* Aug. 7, 2012 Order 10, ECF No. 30; Pls.' Compl. ¶¶ 68–71. Both theories arose under 42 U.S.C. § 1983.

The first of the two Fourth Amendment claims—the demolition of the house—was dismissed on summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Aug. 7, 2012 Order 13–19. The second claim—the carrying away of the debris—proceeded to trial

(along with the Hescotts' claim against the City for inverse condemnation under the Michigan Constitution).

One month before trial, the Defendants collectively made an offer of judgment pursuant to Federal Rule of Civil Procedure 68 amounting to $15,000.  The Hescotts rejected the offer.  They sought $324,750 to settle the case.[2]  When that suggested settlement was declined, the Hescotts opted to go to trial.

After a four-day trial, the Hescotts were awarded $5,000 because the City carried away the debris of their demolished residential property without notifying them first.  The award resulted from the jury's conclusion that the Hescotts' Fourth Amendment right against unreasonable seizures had been violated when the city re-entered the property without the Hescotts' consent or a court order.  The jury rejected, however, the Hescotts' inverse condemnation claim that the demolition of the residence was improper—they concluded that the house constituted a public safety risk which justified emergency demolition.

Because the Hescotts' eventual award fell below the Defendants' offer of judgment, the City (which was the only party held liable for the Fourth Amendment violation), moved for costs and attorney's fees pursuant to Federal Rules of Civil Procedure 54 and 68.  The Hescotts also moved for costs and attorney's fees—as "prevailing parties"—requesting approximately $132,000.[3]

---

[2] Defs.' Mot. Fees Ex. 1, at 2, ECF No. 73.

[3] $130,180 in attorney and paralegal fees, $1,705 in expert fees, and $300.34 in costs.  *See* Pls.' Mot. Fees 19, ECF No. 74.

The Court concluded that although the Hescotts did prevail on one of their Fourth Amendment claims, and thus costs were appropriate,[4] attorney's fees were not warranted. *See* May 31, 2013 Order 8–10. And because the Hescotts' eventual recovery was not greater than the offer of judgment, the City was awarded the costs accumulated since the offer was made. This figure included reasonable attorney's fees pursuant to the interplay of Rule 68(d) and 42 U.S.C. § 1988. *See* May 31, 2013 Order 11–14.

The Hescotts filed a motion for reconsideration under Local Rule 7.1 and Federal Rule of Civil Procedure 59. Their argument may be summarized as follows: only a prevailing party may be awarded attorney's fees as a part of costs under § 1988. The Hescotts allege that only they prevailed on their Fourth Amendment claim, and accordingly, the City's attorney's fees are not properly considered a part of its costs under § 1988. They argue, contending this case is analogous to *Chesny v. Marek*, 547 F. Supp. 542 (N.D. Ill. 1982), that they "are not liable for the defendants' post offer costs and attorney fees under § 1988 because the defendants were not prevailing parties as required under § 1988." Pls.' Mot. 3. The Hescotts also assert, for a second time, that they should be awarded their attorney's fees because they did prevail on their Fourth Amendment claim.

## II

The Hescotts bring their motion pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(h).[5] Rule 59(e) provides that a party may bring a "motion to alter or amend a judgment . . . 28 days after the entry of the judgment." Local Rule 7.1(h) allows a party to bring

---

[4] Of the $2,005.34 in total costs requested, the Court awarded $40. The expert was not Court appointed (so his fees were not recoverable pursuant to Federal Rule of Civil Procedure 54, *see* May 31, 2013 Order 6–7), and $260.34 of the requested $300.34 in costs had already been taxed, *see* Costs Taxed, ECF No. 72.

[5] Although the Hescotts consistently assert their motion comes under Local Rule 7.1(g), Pls.' Mot. 1–2, Local Rule 7.1(h) deals with motions for rehearing or reconsideration. *See* E.D. Mich. LR 7.1(h).

a motion for rehearing or reconsideration "within 14 days after the entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Such a motion must demonstrate not only "a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication" will not be granted. *Id*.

But the Court did not enter a judgment after addressing the parties' motions for costs and attorney's fees. And application of Rule 59(e) requires exactly that. As noted by Wright & Miller, "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the *judgment*." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012) (emphasis added); *see also Moodie v. Fed. Reserve Bank of New York*, 835 F. Supp. 751, 752 (S.D.N.Y. 1993) ("The present motion is inappropriate under Rule 59 because the Bank's earlier motion for summary judgment was denied, hence no judgment was entered on which the Bank could bring a motion to alter or amend."). The Hescotts do not want a judgment to be altered, but rather the Court's May 31, 2013 Order. Thus, Rule 59(e) motion is inapplicable.

Noted above, however, Local Rule 7.1 does permit a party to move for rehearing or reconsideration of an order as well as a judgment. Thus, the Hescotts' motion will be addressed pursuant to Local Rule 7.1(h).

**III**

As a preliminary matter, the Hescotts have moved for leave to file a reply brief that exceeds the applicable Local Rules. The motion will be granted, and all of the papers the parties have submitted on this issue will be considered.

In their papers, the Hescotts allege they should receive their attorney's fees and that the City should not. Each issue will be addressed in turn.

**A**

The Hescotts assert that because they "prevailed" on their Fourth Amendment claim under § 1983, they are entitled to recover $130,000 in attorney's fees pursuant to 42 U.S.C. § 1988. The Court disagreed before, and continues to do so now.

It is true that a prevailing plaintiff in a § 1983 action "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted). The Hescotts maintain that "[t]he law is clear that it is very rare to deny a fee request based on the special circumstances exception in this and other circuits." Pls.' Reply 4, ECF No. 89 (citing *McQueary v. Conway*, 614 F.3d 591, 604–05 (6th Cir. 2010)). Although unusual, as the Court explained in the underlying order, the circumstances here render any attorney's fee award to the Hescotts unjust.

Importantly, the Hescotts began the case with the loss of a modest residence, valued somewhere between $6,000 (as reported by the City's appraiser[6]) and $35,000 (as reported by the Hescotts' appraiser[7]). The home was located in a neighborhood where "home sales are very depressed and demand is minimal" given the area's "poor condition[.]" Defs.' Mot. Limine Ex.

---

[6] Defs.' Mot. Limine Ex. B, at 3.

[7] Defs.' Mot. Limine Ex. A, at 3.

- 6 -

B, at 5. Further, the City had foregone recovering the costs of the demolition (approximately $4,000) in an effort to address the conflict with the Hescotts.

And of course, the City never disputed that the Hescotts were entitled to their day in court on the inverse condemnation theory of recovery (involving their contention that the house was not a public safety risk justifying emergency demolition). Accordingly, when the City moved for summary judgment, it did so regarding the Hescotts' other six claims alone. The City's counsel sought the Hescotts' counsel's concurrence pursuant to Local Rule 7.1(a), but it was not provided. After consideration of over 115 pages of briefs, the Court concluded that—along with the inverse condemnation claim—a single Fourth Amendment claim (for removal of the debris) presented a jury-submissable issue. Throughout the case, the central question remained whether the house constituted a public safety risk justifying the City's emergency demolition, notwithstanding the extensive investment in alternative legal theories.

So the case went to trial. The Hescotts believed they were entitled to the market value of the residence ($35,000) because the City "jumped the gun" and had it demolished. They also requested $7,000 for the materials that might have been salvaged from the debris. Then, the Hescotts asked for $250,000 in punitive damages against the individual defendants (charged only with the Fourth Amendment violation) regardless of the fact that they did not articulate any malignant motive or intent on the part of those defendants or any benefit that accrued to those defendants.[8] Accordingly, the Hescotts asked the jury to award $292,000 for the loss of a rental

---

[8] Notably, instead of following the Supreme Court's guidance from *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513 (2008) emphasizing that the ratio of 1:1 for punitive to compensatory damages is "a fair upper limit" (albeit for maritime cases), the Hescotts demanded $250,000 in punitive damages based on the removal of the debris for which they requested $7,000 in compensatory damages. This request for punitive damages—a ratio of roughly 36:1 when compared to the demand for compensatory damages—was rejected by the jury.

property worth—at most—$35,000.  The jury concluded the Hescotts were entitled to $5,000, its assessment of the economic value of the debris that was removed.

After careful reconsideration of the results the Hescotts obtained, the legal significance of the issues presented, and the public purpose of the litigants, the Court arrives at the same conclusion contained in the May 31, 2013 order—an award of attorney's fees to the Hescotts would be unjust.  *See* May 31, 2013 Order 8–10.  Their motion will be denied on this ground.[9]

**B**

The Hescotts also contest the Court's decision to award the City its reasonable attorney's fees pursuant to Rule 68 and § 1988.  The Hescotts' motion will be granted on this issue.

The Hescotts argue that an award of attorney's fees to the City based on the interplay of Rule 68 and § 1988 is inappropriate because the City is not a "prevailing party."  But the Hescotts do not note that the City *did* succeed on the first Fourth Amendment claim under § 1983 at summary judgment (the Hescotts made clear they "alleged two separate 4th Amendment violations," Pls.' Resp. Summ. J. 8).

Because both the City and the Hescotts succeeded on one of the Fourth Amendment claims, both parties are properly considered "prevailing parties" for purposes of § 1983 and § 1988.  *See Balsley v. LFP, Inc.*, 691 F.3d 747, 771 (6th Cir. 2012) ("There is no question that

---

[9] The Court wishes to emphasize, once again, that even if attorney's fees were proper here, the Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 10 (1985) would vastly limit the possible recovery: "Civil rights plaintiffs—along with other plaintiffs—who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected."  Accordingly, the Hescotts could not recover at least 209 hours out of the 365 they seek.

Additionally, only the work counsel did on the claim the Hescotts "prevailed" on is recoverable.  *See Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011) ("The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief").  But counsel's representation of how they directed their work remains unpersuasive.  For example, they contend they spent only 66.05 hours out of a total 441.85 on the inverse condemnation claim, which was the focal point of the trial.

Plaintiffs were the prevailing party on their direct copyright infringement claim (count one), which was submitted to the jury and resulted in a verdict in Plaintiffs' favor. Similarly, it is clear that Defendant was the prevailing party on the four Ohio law claims (counts four, five, six, and seven), because those claims were adjudicated in Defendant's favor under Rules 12(b)(6) or 56."); *see also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S. D. Fla. 2007) ("In this case both parties are prevailing parties. . . .  Accordingly, both parties are presumptively entitled to recover costs under Rule 54(d)(1).").

However, the City's status as a "prevailing party" under § 1988 does not entitle it to all of its attorney's fees; only those related to the claim on which it prevailed.  *See Wolfe v. Perry*, 412 F.3d 707, 723 (6th Cir. 2005) (citing with approval district court's analysis that "§ 1988 only provides for attorney fees for work done in connection with the § 1983 claims").  Further, pursuant to the interpretation of § 1988, the City (as a defendant) is not entitled to any attorney's fees unless the Hescotts' action was "frivolous, unreasonable, or without foundation."  *Crossman v. Marcoccio*, 806 F.2d 329, 334 (1st Cir. 1986) (quoting *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

Therein lies the Court's error.  For the Court concluded that as a prevailing party, the City was entitled to its fees as a part of its costs under § 1988.  *See*, *e.g.*, *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) ("Jordan must pay the costs incurred by Time after the making of its offer. . . .  Costs as used herein includes attorney's fees.").  The Court did not take into consideration when the City prevailed on the first Fourth Amendment claim, and consequently when its fees no longer included related work.  Notably, the City prevailed on the first of the Hescotts' Fourth Amendment claims in August 2012—two months before the offer of judgment was made.  Accordingly, none of the City's work on that claim occurred after the offer of

judgment, and therefore, those fees are not available under the fee-shifting paradigm of Rule 68 (which allows the City to recover the costs it accrued *after* the offer was made).

Nor did the Court consider the fact that the Hescotts prevailed on one claim, and thus their action cannot be considered wholly "frivolous." Rule 68 only contemplates costs that are "properly awardable" under the relevant substantive statute, *see Marek v. Chesny*, 473 U.S. 1, 9 (1985), and civil rights defendants can only recover attorney's fees under § 1988 when the plaintiff's action was "frivolous, unreasonable, or without foundation," *Christiansburg*, 434 U.S. at 421. Thus, the City would not be entitled to attorney's fees even if its Fourth Amendment victory had come at trial (assuming, that is, the Hescotts still prevailed on one of their Fourth Amendment claims).

Because the City will not be awarded its attorney's fees as a part of its costs, that portion of the May 31, 2013 Order will be vacated. The Hescotts remain responsible for the City's post-offer costs, absent attorney's fees, in the amount of $751.96. *See Crossman*, 806 F.2d at 333 ("in light of the language, purpose, and authoritative interpretations of Rule 68, we hold that a plaintiff who refuses an offer of judgment, and later fails to obtain a more favorable judgment, must pay the defendant's post-offer costs."). All other portions of the May 31, 2013 Order remain in effect.

## IV

Accordingly, it is **ORDERED** that the Hescotts' ex parte motion for leave to file excess pages, ECF No. 88, is **GRANTED**.

It is further **ORDERED** that the Hescotts' motion for reconsideration, ECF No. 82, is **GRANTED** in part and **DENIED** in part.

The portion of the Court's May 31, 2013 Order awarding the City its reasonable attorney's fees as a part of its costs is **VACATED**.  The City will be awarded $751.96 in costs accrued after its Rule 68 offer of judgment was made.  All other portions of the Court's May 31, 2013 Order will remain in effect.

Dated: July 23, 2013                                        s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS